**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 04-0017-PHX-MHM |
| Plaintiff, ) | No. CV 05-1603-PHX-MHM (HCE) |
| vs. ) | **ORDER** |
| Jose Luis Gonzalez-Alvarez, ) | |
| Defendant/Movant. ) | |

Jose Luis Gonzalez-Alvarez ("Movant"), presently confined in the United States Penitentiary in Lompoc, California, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #19). The Court will summarily dismiss the action.

**A.    Procedural Background.**

Movant pled guilty to illegal re-entry after deportation, a violation of 8 U.S.C. § 1326(a). On June 14, 2004, he was sentenced to a term of fifty-five months, to be followed by thirty-six years on supervised release. Movant did not appeal. Instead, he filed a § 2255 Motion.

In his § 2255 Motion, Movant raises two grounds for relief. Both grounds pertain to the following information in the presentence report:

| | **Date of Arrest** | **Conviction/Court** | **Date/Sentence** | **Guideline/Points** |
|---|---|---|---|---|
| 20. | 01/07/1992 (Age 20) | Possession/Purchase for Sale a Narcotic Controlled Substance H&S 11351, Orange County Superior Court California, C90384 | 01/31/1992: 36 months probation, 60 days jail 03/20/1992: 2 years prison concurrent to C91578 07/06/1993: paroled | §4A1.1(a) 3 |

Attorney representation is unknown. Court documentation has been requested, but has yet to be received.

| | | | | |
|---|---|---|---|---|
| 21. | 02/26/1992 (Age 20) | Possession of a Narcotic Controlled Substance, Orange County Superior Court, California, C91578 | 03/20/1992: 2 years prison 07/06/1993: Paroled | §4A1.1(a) 3 |

Attorney representation is unknown. Court documentation has been requested, but has yet to be received.

(Presentence Investigation Report at 6.) In ground one, Movant claims that the foregoing two criminal convictions should not be counted toward his criminal history points because it is not clear that he was represented by counsel. In ground two, Movant contends that his criminal history should be recalculated. He alleges that both charges at #20 and #21 appear to be the same, and that #21 may be a probation violation of #20.[1] He asserts that he would have been serving the sentence in #20 on the date he was arrested for #21.

**B.   Summary Dismissal.**

A district court shall summarily dismiss a § 2255 application "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." Rule 4(b), RULES GOVERNING § 2255 ACTIONS. The district court need not hold an evidentiary hearing when the movant's allegations,

---

[1] The presentence investigation report reflects separate sentences for two years each to be served concurrently, C90384 and C91578. Under the sentencing guidelines, even if the latter offense resulted in a revocation of the earlier probation, the two separate sentences are assessed three points each. See U.S.S.G. § 4A1.2, Commentary, Application Note 11 ("If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation.")

- 2 -

1 viewed against the record, either fail to state a claim for relief or are patently frivolous. 2 Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); see also Baumann v. United 3 States, 692 F.2d 565, 571 (9th Cir. 1982) (district court may summarily dismiss without 4 ordering a response where the record conclusively or plainly shows that the movant is not 5 entitled to relief). Because Movant plainly is not entitled to relief and the defects cannot be 6 cured by amendment, the Court will summarily dismiss his motion to vacate.

**C.    Failure to State a Claim.**

The Court finds that Movant has waived the issues he has raised. As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the court's entry of judgment against the defendant and imposition of sentence upon the defendant, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack.

(Doc. #18 at 4-5). Movant also asserted that he discussed the terms with his attorney, agreed to them and understood them, and that he entered into the plea voluntarily. Id. at 6-7. At a hearing under oath, Movant asserted that he understood his plea and that he made it voluntarily. He also specifically asserted that he understood that he was giving up his right in the future to attack the validity of the conviction and sentence. (Transcript of Change of Plea, Doc. #15, at 13-14, 21-22, 29.) He admitted both in his plea and at the hearing that he was represented by an attorney on the March 20, 1992 conviction for possession of a narcotic. (Plea, Doc. #18 at 8, Transcript of Change of Plea, Doc. #15 at 31.) At sentencing, the Court found that Movant validly waived his right to a collateral attack. (Sentence at 3, Doc. # 17.)

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), pet. for cert. filed, No. 05-5113 (June 30, 2005). For

1 example, a waiver of appellate rights is enforceable if the language of the waiver
2 encompasses the right to appeal on the grounds raised and the waiver is knowingly and
3 voluntarily made. Id.

4       A defendant may waive the statutory right to bring a § 2255 action challenging the
5 length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United
6 States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub nom. Abarca-
7 Espinoza v. United States, 508 U.S. 979 (1993). Recently, the Ninth Circuit Court of
8 Appeals held that a claim of ineffective assistance of counsel that challenges the
9 voluntariness of a waiver does not, however, preclude jurisdiction over a habeas action
10 pursuant to 28 U.S.C. § 2254. Washington v. Lampert, ___ F.3d ___, 2005 WL 2126606,
11 at *6-*7 (9th Cir. Sept. 6, 2005). Similarly, for § 2255, the only claims that cannot be
12 waived are a claim that the waiver itself was involuntary or that ineffective assistance of
13 counsel rendered the waiver involuntary. See Pruitt, 32 F.3d at 433 (expressing "doubt" that
14 a plea agreement could waive a claim that counsel erroneously induced a defendant to plead
15 guilty or accept a particular part of the plea bargain); Abarca, 985 F.2d at 1014 (expressly
16 declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness
17 of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (summarizing Pruitt and Abarca, but
18 declining to decide whether waiver of all statutory rights included claims implicating the
19 voluntariness of the waiver). Movant has not made either claim.

20       Instead, Movant's grounds for relief each pertain to sentencing. He contends that his
21 sentence was improperly calculated under the guidelines. Movant expressly waived issues
22 regarding sentencing and expressly waived a § 2255 action. The Court accepted his plea as
23 voluntarily made. Cf. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000) (waiving
24 appeal of sentencing issues also waives the right to argue on appeal that counsel was
25 ineffective at sentencing), cert. denied, 534 U.S. 921 (2001). Consequently, the Court finds
26 that Movant waived the issues raised in his § 2255 motion. Because Movant has failed to
27 present any claim that could possibly warrant relief, the Court will dismiss his § 2255
28 Motion.

**IT IS THEREFORE ORDERED** that the Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #19) is **DENIED** and that the civil action opened in connection with this Motion (No. CV 05-1603-PHX-MHM (HCE)) is **DISMISSED**.

DATED this 14th day of October, 2005.

_____
Mary H. Murguia
United States District Judge